IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ROBERT HILTON-THOMAS,

    Petitioner,

vs.

    CIVIL ACTION NO.: CV213-030

SUZANNE HASTINGS, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Robert Hilton-Thomas ("Hilton-Thomas"), who is currently incarcerated at the Federal Correctional Facility in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. For the reasons which follow, Hilton-Thomas' petition should be **DENIED**.

## STATEMENT OF THE CASE

Hilton-Thomas was sentenced in the Southern District of Florida to 63 months' imprisonment after his convictions for illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) & (b)(2), and failure to register as a sex offender, in violation of 18 U.S.C. § 2250. (Doc. No. 11-2, p. 7). Hilton-Thomas has a projected release date of January 19, 2015, via good conduct time. (Id. at p. 13).

In his petition, Hilton-Thomas contends that he is entitled to credit against his federal sentence from July 22, 2008, through November 1, 2010. Respondent asserts that Hilton-Thomas has been given all of the credit to which he is entitled.

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION TO AUTHORITY

It is the duty of the United States Attorney General, acting through the Bureau of Prisons ("BOP"), to determine the amount of credit due for the time served by the defendant prior to sentencing. United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010). 18 U.S.C. § 3585, which deals with "credit for prior custody," is controlling for making credit determinations for sentences imposed under the Sentencing Reform Act of 1984. This statute provides:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit of Prior Custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (Emphasis added). In determining the proper credit, a two-part analysis is helpful. First, it must be determined when the sentence commenced. A sentence "'cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)). Here, Hilton-Thomas' federal sentence was imposed on April 15, 2009. It must be determined what

credit is due for time served prior to the commencement of Hilton-Thomas' federal sentence.

The court must begin with the plain language of the statute itself. Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000) (en banc) ("We begin our construction of [a statutory provision] where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision."). Section 3585(b) clearly states that, in some circumstances, a defendant is entitled to credit for time served prior to sentence commencement *unless* that time has been credited against another sentence.

Hilton-Thomas was stopped by Miami-Dade Police for a traffic violation on June 23, 2008. A check of his criminal record revealed that Hilton-Thomas had an outstanding probation warrant from an earlier state proceeding and a charge for failure to register as a sex offender. Hilton-Thomas was arrested based on this information. On July 22, 2008, a federal arrest warrant was issued for Hilton-Thomas for illegal reentry after deportation, and he was transferred to the United States Marshals Service's custody the next day. Hilton-Thomas was sentenced in the Southern District of Florida on April 27, 2009, to 63 months' imprisonment for reentry after deportation and failure to register under the Sex Offender Registration and Notification Act. Hilton-Thomas was designated to the Federal Correctional Institution in Pollock, Louisiana, and arrived on June 10, 2009.[1] Staff at the federal prison determined that Hilton-Thomas was a "primary state custody inmate" and requested that Hilton-Thomas be returned to Florida based on his state charges. (Doc. No. 11, p. 4). Hilton-Thomas was

---

[1] Hilton-Thomas was inadvertently designated to a Bureau of Prisons' facility after he was sentenced in federal court. (Doc. No. 11-2, p.3, ¶ 16).

3

sent to the Federal Detention Center in Miami, where he remained until he was released from state custody on November 1, 2010. Hilton-Thomas was sentenced in the State of Florida on January 15, 2010, to a two-year sentence for violation of his probation. Hilton-Thomas was released from his state term on November 1, 2010.

Respondent asserts that a review of Hilton-Thomas' file for this petition revealed that he had not received proper credit against his federal sentence. Notably, Hilton-Thomas' two-year state sentence began on June 23, 2008 (the date he was arrested in Florida), and this sentence should have been completed on June 23, 2010. Because Hilton-Thomas was not released from state custody until November 1, 2010, any time after June 23, 2010, should have been credited against his federal sentence. Accordingly, the BOP updated Hilton-Thomas' sentence computation and gave him credit from June 24, 2010, through October 31, 2010. As a result, Hilton-Thomas' projected release date was updated to January 19, 2015, rather than the original release date of May 29, 2015. (Doc. No. 11-2, pp. 13-14).

"'[I]f a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wishes to execute it immediately.'" Powell v. Jordan, 159 F. App'x. 97, 99-100 (11th Cir. 2005) (quoting Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir.1980)). "A writ of habeas corpus *ad prosequendum* is only a loan of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." Civiletti, 621 F.2d at 693. Federal custody commences only when the

state authorities relinquish the prisoner after his satisfaction of the state obligation. United States v. Smith, 812 F. Supp. 368, 370-71 (E.D. N.Y. 1993).

Hilton-Thomas was only "on loan" to federal authorities between July 23, 2008, and June 23, 2010, the date his state incarceration period ended. (Doc. No. 11-2, p. 4, ¶ 23). Hilton-Thomas, however, did receive credit against his federal sentence from June 24, 2010, until October 31, 2010, as he was in custody solely on the federal writ. (Doc. No. 11-2, p. 4, ¶ 24). Hilton-Thomas is not entitled to credit against his federal sentence for the time period beginning July 22, 2008 (the date the federal detainer was issued), through June 23, 2010 (the date his state sentence actually ended, even though he was not released from state custody until November 1, 2010), as he received credit for this time on his state sentence. See 18 U.S.C. § 3585(b)(2).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Hilton-Thomas' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 17th day of June, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)